DECISION AND JUDGMENT ENTRY
Appellant, Daniel Murphy, appeals his sentence by the Meigs County Court of Common Pleas following guilty pleas to one count of breaking and entering in violation of R.C. 2911.13(A) and one count of grand theft in violation of 2913.02. Both of these offenses are 5th degree felonies subject to maximum prison terms of one year each. Appellant was sentenced to the maximum terms for both convictions and was ordered to serve his sentences consecutively.
In March 2000, appellant forcibly entered the home of Tom and Loretta Smith and demanded money from their daughter Wendy Smith. Wendy Smith is appellant's girlfriend and the mother of his child. Appellant threatened to "beat her" if she did not give him money to pay for repairs to his parent's car. Apparently, Wendy Smith had damaged the car in an accident. Wendy Smith gave appellant her payroll check from work in the amount of $122.00 and he left the residence.
Appellant was indicted on one count of aggravated burglary in violation of R.C. 2911.11(A), a 1st degree felony. However, the indictment was later dismissed in exchange for appellant's guilty pleas to one count of breaking and entering in violation of R.C. 2911.13(A) and one count of grand theft in violation of R.C. 2913.02. Appellant appeals his maximum consecutive sentence, raising two assignments of error.
 I. THE TRIAL COURT ERRED IN SENTENCING APPELLANT TO PRISON FOR THE MAXIUM SENTENCE.
 II. THE TRIAL COURT ERRED IN SENTENCING THE APPELLANT TO CONSECUTIVE TERMS OF IMPRISONMENT.
A defendant has an appeal as a matter of right when the sentence is imposed for two or more offenses and the court imposed the maximum sentence for the felony of the highest degree, i.e., maximum and
consecutive sentences. See R.C. 2953.08(A)(1). A defendant may also appeal as of right from a sentence that is contrary to law. Appellate courts are precluded from modifying or vacating a sentence unless it is "clearly and convincingly" shown that the sentence is not supported by the record, the sentence is contrary to law or that the trial court failed to follow the proper statutory procedures for imposing the sentence. See R.C. 2953.08(G)(1).
In his first assignment of error, appellant challenges imposition of the maximum terms of imprisonment for his convictions. Appellant argues that the trial court was required to impose community control sanctions in this case instead of a term of imprisonment; and that, even assuming prison terms were appropriate, the trial court erred by imposing the maximum sentences on his convictions.
When sentencing for a fifth degree felony, R.C. 2929.13(B) obliges the sentencing court to impose either prison or community control sanctions if certain combinations of factors are found. A prison sentence is required under R.C. 2929.13(B)(2)(a) if the court finds that the defendant is not amenable to a combination of available community control sanctions, that prison is consistent with the purposes and principles set forth in R.C. 2929.11(A), and that a factor set forth in R.C.2929.13(B)(1)(a) through (i) exists. Griffin Katz, Ohio Felony Sentencing Law (2000) 543-544. The trial court made the requisite findings to impose prison terms in this case.
The trial court wrote in its sentencing entry that appellant was not amenable to community control sanctions. At the sentencing hearing, the trial court stated that appellant was not amenable to community control sanctions based on his past convictions, crimes of violence, the fact that he was on probation six times in the last year, and because he was on probation at the time of the offense.
The trial court also considered the purposes and principles for felony sentencing set forth in R.C. 2929.11(A). "The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring * * * future crimes, rehabilitating the offender, and making restitution to the victim of the offense, the public or both." R.C. 2929.11(A). In this regard, the trial court considered the factors set forth in R.C. 2929.12. Considering the seriousness factors in division (B), the trial court found that appellant's relationship with the victim facilitated the offenses, R.C. 2929.12(B)(6); and that appellant threatened physical harm to the victim who was 17 years old. The trial court also considered the recidivism factors in division (D) and found that appellant was under community control sanctions at the time of the offenses, R.C. 2929.12(D)(1); that appellant had demonstrated a pattern of substance abuse and had refused to acknowledge or seek treatment for the problem, R.C. 2929.12(D)(4); and that appellant showed no genuine remorse for his conduct, R.C. 2929.12(D)(5). The trial court concluded that recidivism was likely based on these factors.
Further, the trial court found that R.C. 2929.13(B)(1) factors existed, since appellant had previously served a prison term, and because the offense was committed while appellant was on community control sanctions. R.C. 2929.13(B)(1) reads in part:
 Except as provided in division (B)(2), (E), or (F) of this section, in sentencing an offender for a felony of the fourth of fifth degree, the sentencing court shall determine whether any of the following apply:
* * *
(g) The offender previously served a prison term.
 (h) The offender previously was subject to a community control sanction, and the offender committed another offense while under the sanction.
* * *
The trial court followed the proper statutory procedures for imposing prison terms in this case and the decision is supported by the record; it is not contrary to law.
Next, appellant argues that that trial court erred by imposing the maximum sentence. Once a trial court elects to impose a prison sentence, it must then turn to R.C. 2929.14 to determine the length of the sentence. Under R.C. 2929.14(C), maximum sentences are reserved for those offenders who: (1) have committed the worst forms of the offense; (2) pose the greatest likelihood of committing future crimes; (3) certain major drug offenders; and (4) certain repeat violent offenders. R.C.2929.14(C). In order to impose the maximum sentence, the court must make specific findings on the record, see R.C. 2929.14(C), and identify the reasons for making those findings, see R.C. 2929.19(B)(2)(d); State v.Coleman (Mar. 27, 2001), Meigs App. No. 00CA010, unreported.
Here, the trial court expressly found in its journal entry that "the offenses were the most serious forms of the offenses." The trial court also cited its reasons: there was a threat of physical harm; the victim was 17 years old; and appellant's relationship with the victim facilitated the commission of the offenses. The trial court complied with the statutory requirements in R.C. 2929.14(C) and R.C. 2929.19(B)(2)(d) for imposing the maximum sentence.
Appellant's argument seems to be that the trial court's findings for imposing maximum sentences are not supported by the record because there was evidence to show that appellant had abided by the trial court's orders during the time between his plea hearing and the sentencing hearing, and because he had obtained gainful employment. This evidence is irrelevant to a determination of whether or not appellant committed the worst forms of the offenses. Appellant's first assignment of error is without merit.
In his second assignment of error, appellant contends that the trial court erred by sentencing him to consecutive prison terms. In general, a prison sentence imposed by an Ohio court must run concurrently with any other sentence imposed by any other court in this country. R.C. 2929.41(A). However, a court may impose consecutive sentences under R.C. 2929.14(E)(4) when:
 * * * the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 (a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 (b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.
R.C. 2929.14(E) sets out a tri-partite procedure for imposing consecutive sentences: first, the court must find that consecutive sentences are "necessary" to protect the public or to punish the offender; second, the court must find that the proposed consecutive sentences are "not disproportionate" to the seriousness of the offender's conduct and the "danger" that the offender poses; and third, the court must find the existence of one of the three enumerated circumstances in sub-parts (a) through (c). State v. Hiles (Nov. 6, 2000), Hocking App. No. 99CA23, unreported; State v. Volgares (June 30, 2000), Lawrence App. No. 99CA25, unreported. Under R.C. 2929.19(B)(2)(c) the trial court must give its reasons on the record for the findings required by R.C.2929.14(E)(4).
At the sentencing hearing, the trial court made the following statement:
 "* * * [T]he court has reviewed your Pre-Sentence Investigation and I find that you have a prior history of juvenile delinquency. I don't know how many you've got, but you've got several. Six, seven, eight, nine, ten, somewhere there. You were on probation at the time of the incident offense. You have been on probation at least six times in the last two years and continue to engage in criminal activity.
* * *
 Previous criminal history shows that consecutive sentence terms are needed to protect the public. Punish the offender not disproportionate to the conduct and to the danger the offender poses, and the fact of the criminal history as I have related."
The trial court's statement on the record satisfied the statutory requirements for imposing consecutive sentence pursuant to R.C. 2929.14(E) and R.C. 2929.19(B)(2)(c). However, we suggest that the trial court include all its findings in its journal entry in the future.
Appellant complains that the trial court improperly considered his plea bargain agreement as a basis for imposing consecutive sentences. At the sentencing hearing the trial court stated:
 "So with that, you will do one year and one year consecutive. The Court notes that the Plea Bargain Agreement uh, reduced a Burglary which carries eight years to two one year sentences. So that is the reason for the Court's sentencing."
The fact that a defendant pled to a lesser charge is not a statutory factor under the felony sentencing guidelines. However, the seriousness of the offense is a statutory factor under R.C. 2929.12(B), which states that "[t]he sentencing court shall consider * * * any other relevant factors, as indicating that the offender's conduct is more serious than conduct normally constituting the offense." We believe that the trial court was referring to the seriousness of the appellant's conduct when it referenced the plea bargain from the indicted charge of aggravated burglary, a 1st degree felony, to the lesser charges for which appellant was sentenced. At any rate, we cannot say that the trial court's statement was contrary to law, since the statement can be construed in a manner consistent with the sentencing guidelines.
Appellant's second assignment of error is overruled and the trial court's judgment is affirmed.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Meigs County Common Pleas Court to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
William H. Harsha, Judge
Kline, J. Concurs in Judgment and Opinion.
Evans, J. Concurs in Judgment and Opinion as to Assignment of Error I; Concurs in Judgment Only as to Assignment of Error II.